UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARMANE SMITH,                                                                                                      Plaintiff,

v.                                        Civil Action No. 3:17-cv-P347-DJH

JOHN DONALD et al.,                                                                      Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Charmane Smith initiated this *pro se* action by filing a document titled "Application for Injunction." The document invokes the Fair Credit Billing Act. She names as Defendants Tennessee state court judge John Donald, Memphis, TN; attorney Timothy L. Edington, Louisville, KY; Fenton and McGarvey Law Firm, P.S.C., Louisville, KY; and Comenity Bank, Columbus, OH. Her address is located in Memphis, TN. In addition to alleging violations of the Fair Credit Billing Act, Plaintiff alleges legal malpractice and collusion by Judge Donald and Attorney Edington in Judge Donald's court.

Plaintiff did not pay the filing fee. Instead she filed a motion for leave to proceed *in forma pauperis*.

There is no special venue statute for an action under the Fair Credit Billing Act. Therefore, 28 U.S.C. § 1391 controls. Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which

> any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, venue is not proper in this Court under § 1391(b)(1) because all Defendants are not residents of this State. Based on the allegations in the complaint, it appears that the events set forth in the complaint occurred in Memphis, TN; therefore, venue would be proper in the district court for the Western District of Tennessee under § 1391(b)(2).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if in the interest of justice, transfer such case to any district or division in which it could have been brought." "A court may decline to order a transfer if it determines that the case was filed in bad faith," *Williams v. Nathan*, 897 F. Supp. 72, 77 (E.D.N.Y. 1995), or where the outcome of the case is foreordained. *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 55 (D.D.C. 2014) (finding significant and substantive problems with *pro se* plaintiff's complaint meant that dismissal rather than transfer was appropriate as a transfer would only delay the inevitable dismissal).

A search of Pacer.gov reveals that Plaintiff has filed numerous lawsuits (well over 100) in multiple jurisdictions (at least 15) over the past 20 years. As the District Court of Delaware recently noted in a case in which Plaintiff sought to remove a Tennessee state court action filed against her by Comnity Bank:

> Smith is a frequent *pro se* and *in forma pauperis* litigator in other United States District Courts. *See Smith v. MasterCard Int'l*, 2017 WL 103966, at *1 (E.D. Mo. Jan. 10, 2017). She has been barred from filing actions in at least five other districts. *See Smith v. United States*, Civ. No. 00-2302 (D.D.C. Sept. 27, 2000) (enjoining Plaintiff from filing actions *in forma pauperis* in the absence of an allegation of imminent danger of serious physical injury); *Smith v. United States*, Civ. No. 01-450 (N.D. Tex. May 30, 2001) (enjoining Plaintiff from filing cases without prior judicial permission); *Smith v. Dell, Inc.*, 2007 WL 221530 (W.D. Tenn. Jan. 24, 2007) (enjoining Plaintiff from filing actions *in forma pauperis* and applying the order to any action that is filed in another district and transferred to the Western District of Tennessee); *Smith v. Spitzer*, 531 F. Supp. 2d 360

(N.D.N.Y. 2008) (barring Plaintiff from filing actions without obtaining counsel or prior court approval); *Smith v. Chase Bank*, Civ. No. 11-2270-LAP (S.D.N.Y. Dec. 2, 2016) (barring Plaintiff from filing actions *in forma pauperis* without first obtaining leave of court to file).

*Comenity Bank v. Charmane Smith*, No. CV 16-1229-RGA, 2017 WL 1293988, at *1 n.1 (D. Del. Apr. 5, 2017).

Plaintiff has been banned from filing suit in the Western District of Tennessee since 2007. In *Smith v. Dell, Inc.*, 2007 WL 221530, at *4, the Western District of Tennessee ordered that Charmane Smith "may not commence any action in this district without paying the full civil filing fee" and ordered the clerk of that court "not to file any new civil action submitted by Smith unless it is accompanied by the civil filing fee or unless specifically directed to do so by a district judge or magistrate judge of this district." The Western District of Tennessee specifically provided that "[t]his order shall apply to any action that is filed in another district and transferred to this district."

Therefore, the Court finds that dismissal is appropriate in this case. It would not be in the interest of justice to transfer this action to the Western District of Tennessee because that court has barred her from filing any new civil action unless accompanied by the filing fee or unless specifically directed to do so by a district or magistrate judge of that district, including "any action that is filed in another district and transferred to [the Western District of Tennessee]." Accordingly, by separate Order, this Court will dismiss the instant action.

Date: June 8, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
District Court for the Western District of Tennessee
4415.009